IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: **07-22585**

LORENZO GARCIA MAZAS,

    Plaintiff,

v.

The CITY OF HIALEAH,
ROBERTO NUNEZ, individually,
EDDO TRIMINO, individually,
HECTOR DIAZ, individually,
CEDRIC PHILPOT, individually,
and ALEJANDRO LORENTE,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, LORENZO GARCIA MAZAS, sues the Defendants, the CITY OF HIALEAH, ROBERTO NUNEZ, individually, EDDO TRIMINO, individually, HECTOR DIAZ, individually, CEDRIC PHILPOT, individually, and ALEJANDRO LORENTE, individually, and alleges:

### JURISDICTION AND VENUE

1.    This action arises under 42 U.S.C. § 1983 for violations of LORENZO'S rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and under Florida law, as set forth herein. This Court has federal question jurisdiction over LORENZO'S federal law claims pursuant to 42 U.S.C. §§ 1331 & 1343(a)(3). LORENZO'S state law claims are related to his federal law claims and form part of the same case or controversy. The Court has supplemental jurisdiction over LORENZO'S state law claims pursuant to 42 U.S.C. § 1367.

1

2. A substantial portion of the events and omissions giving rise to LORENZO'S claims occurred within the United States District for the Southern District of Florida. Upon information and belief, Defendants are residents of Florida and this federal district. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (2).

### THE PARTIES

3. LORENZO is a citizen of the state of Florida over the age of majority who resides in Miami-Dade County, Florida.

4. The Defendant CITY OF HIALEAH (the "CITY") is a political subdivision of the State of Florida. At all times material the CITY was the employer of the other Defendants and operated the Hialeah Police Department.

5. At all times material Defendants OFFICER ROBERTO NUNEZ, OFFICER EDDO TRIMINO, LIEUTENANT HECTOR DIAZ, SERGEANT CEDRIC PHILPOT, and OFFICER ALEJANDRO LORENTE (referred to by surname or collectively as the "OFFICERS") were citizens of the State of Florida, residents of Miami-Dade County, Florida, and employed by the CITY as police officers with the Hialeah Police Department.

### STATEMENT OF FACTS

6. On or about October 2, 2005, at approximately 1:15 a.m. LORENZO was at his home with his wife, Yoleisy Marrero ("Yoleisy"), and their son, Richard Garcia ("Richard"), at their home in Hialeah, Miami-Dade County, Florida.

7. At or about this time, LORENZO was having an argument with his wife, Yoleisy. Yolanda Perez ("Yolanda"), who at that time was renting a room from LORENZO and Yoleisy, overheard the argument and called the police.

8. When the OFFICERS arrived LORENZO, who was frightened and suspicious of

2

the OFFICERS, refused to let them inside the house. Nevertheless, the OFFICERS were able to gain entry to the premises by climbing through the window of the room that was being rented by Yolanda. LORENZO, upon seeing the OFFICERS enter the house, ran and locked himself in a bathroom. One of the OFFICERS exited the house with Yoleisy, Richard, and Yolanda. The other OFFICERS then kicked in the bathroom door.

9.     The OFFICERS pulled LORENZO out of the bathroom, placed him in handcuffs, and took him out of the house. At this time, LORENZO was not injured and had no marks on his body of any kind evidencing injury.

10.     Once outside of LORENZO'S home, one of the OFFICERS put him in the back seat of one of the police cars.

11.     At that point, one of the OFFICERS escorted Yoleisy Marrero, Richard Garcia, and Yolanda Perez back inside the house. Then, while LORENZO was still restrained in handcuffs, one of the OFFICERS --- without any provocation whatsoever --- pulled LORENZO out of the car to the rear of the vehicle where he grabbed LORENZO by the hair and violently bashed his head repeatedly into the car. The OFFICER kept saying to LORENZO "Estupido! … Comemierda! … por que no abrias la puerta!" The OFFICER continued to beat LORENZO in this manner for several minutes. At this time, one of LORENZO's neighbors, who had been watching this scene from one of the windows of his home, became concerned and asked one of the OFFICERS why he was hitting LORENZO if he wasn't resisting arrest. The OFFICER didn't respond and instead asked if the neighbor knew LORENZO and whether LORENZO used drugs.

12.     The OFFICER then signaled to the other OFFICERS so that they would notice the neighbor was watching them and stop hitting LORENZO. One of the OFFICERS continued

3

asking the neighbor questions in order to distract him while the others continued to beat LORENZO.

13.     The OFFICERS then temporarily stopped beating LORENZO.   LORENZO, whose face was completely bloody from the beating fell down on the pavement and was only partially conscious. He begged the OFFICERS "please don't hit me anymore." One of the OFFICERs who had been hitting LORENZO then shouted "why are you falling down LORENZO?" Thereafter the OFFICERS continued to beat LORENZO. While they screamed at him they kicked LORENZO in his back and ribs and all over his body while he remained defenseless on the ground begging them to stop and screaming in pain.

14.     One of the OFFICERS then squatted down next to LORENZO, and with his hands just inches from LORENZO'S face, sprayed a can of mace into LORENZO's eyes and bloody face. As the OFFICER sprayed the mace into LORENZO's eyes, LORENZO continued to scream in pain. At this point, the neighbor put on his clothes and went outside and heard LORENZO scream "please don't hit me anymore" and "Dad, help me!" While LORENZO was lying on the ground in a semi-conscious state, one of the OFFICERS then used a taser gun to shock LORENZO multiple times.

15.     It had started to rain and LORENZO, who was still lying on the ground, was getting wet. While on the ground, he kept screaming "please stop hitting me!" and "call my father." At that moment, LORENZO's wife ran out of the apartment to assist her husband but the OFFICERS made her go back inside.

16.     LORENZO attempted to crawl on the pavement to get away from the OFFICERS. He continued begging them to stop hitting him. LORENZO saw an elderly man who apparently had also come out of his house when he heard the screams and he begged the man to help him.

4

17.    An OFFICER took out a large chain with shackles for the hands and feet and tied LORENZO up "like a pig" and left him on the ground getting wet in the rain. Meanwhile, the OFFICERS covered themselves with yellow rain jackets. About 15 minutes later, the OFFICERS picked up LORENZO, put him in the back of the police car, and drove away.

18.    At no time during this incident did LORENZO resist arrest or otherwise attempt to defend himself against the OFFICERS' brutal attacks.

19.    Prior to being taken to the police station, LORENZO was taken to a local hospital to have the lacerations to his face stitched. While at the hospital, LORENZO received approximately 17 stitches in his left eyebrow and below his left eye. Upon receiving the stitches, he was immediately transported to the police station. During the ride to the police station, LORENZO overheard one of the OFFICERS on his cellular telephone with someone who he heard the OFFICER address as "Captain." In response to what appeared to be a reprimand over the telephone, LORENZO overheard the OFFICER who was driving the vehicle state "but Captain, you already know how I am." Then, upon arriving at the police station, LORENZO witnessed the OFFICER walk around the rear of the vehicle and proceed to scratch his forearms with his own hands and fingernails prior to delivering him to corrections officers.

20.    On October 4, 2005, after being released from jail, LORENZO went to the Hialeah Hospital due to the constant dizziness that he had been feeling since being beaten by the OFFICERS. While at the hospital, LORENZO was diagnosed with multiple facial traumas. The admitting physician requested CT scans of LORENZO'S head and facial bones as a result of the extensive trauma. In addition to the physical injuries, LORENZO also suffered significant psychological injuries as a result of the physical abuse at the hands (and feet) of the OFFICERS. In fact, due the fear and anxiety that LORENZO developed as a result of the outrageous actions

of the OFFICERS, he moved away from the City of Hialeah in an effort to get as far away as possible from the people who had brutally beaten him.

## COUNT I - SECTION 1983 CLAIM AGAINST THE OFFICERS
## FOR THE USE OF EXCESSIVE FORCE

21.    LORENZO adopts and incorporates the allegations of paragraphs 1-20 as if fully set forth herein and further alleges:

22.    On October 2, 2005, the OFFICERS were acting within the course and scope of their employment with the CITY as police officers and under the color of law.

23.    LORENZO did not physically resist arrest, and, while LORENZO was in police custody, he did not attempt to flee from the OFFICERS; he did not provoke the OFFICERS; he did not threaten (verbally or physically) the OFFICERS or anyone else; he was not aggressive or belligerent towards the OFFICERS or anyone else; and he did not otherwise pose an immediate threat to the safety of the OFFICERS or anyone else.

24.    The force that the OFFICERS used on LORENZO was objectively unreasonable under all of the facts and circumstances confronting them and violated LORENZO'S clearly established rights under the Fourth Amendment to the United States Constitution to be free from excessive and unreasonable force while in police custody.

25.    In addition, or in the alternative, the OFFICERS' beatings of LORENZO were inflicted maliciously, sadistically, and for the purpose of punishing him and to cause him harm unrelated to any legitimate objective of detention.  The OFFICERS' conduct thus violated LORENZO'S rights under the substantive due process component of the Fourteenth Amendment to the United States Constitution to be free from excessive and unreasonable force while in police custody.

26.    The  force  which  the  OFFICERS  used  on  LORENZO  was  objectively

unreasonable under all of the facts and circumstances confronting the OFFICERS and violated LORENZO'S clearly established rights under the Fourteenth Amendment to the United States Constitution to be free from excessive and unreasonable force while in police custody.

27.     No reasonable police officer confronted with the facts and circumstances confronting the OFFICERS would have believed that the force they used on LORENZO in October 2005 was objectively reasonable and not in violation of LORENZO'S clearly established rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

28.     The actions of the OFFICERS were willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and/or the Fourteenth Amendments to the United States Constitution.

29.     As a direct and proximate result of the OFFICERS' wrongdoing L ORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the OFFICERS for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## COUNT II - SECTION 1983 CLAIM AGAINST NUNEZ
## FOR FAILURE TO INTERVENE

30.     LORENZO adopts and incorporates by reference allegations of paragraphs 1 – 20

as if fully set forth herein, and further alleges:

31.     NUNEZ was present when OFFICERS TRIMINO, DIAZ, PHILPOT, and LORENTE used excessive and unreasonable force against LORENZO in violation of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

32.     Although NUNEZ observed OFFICERS TRIMINO, DIAZ, PHILPOT, and LORENTE administering the excessive and unconstitutional force on LORENZO, NUNEZ failed to intervene to protect LORENZO from their wrongdoing even though he had ample time and ability to do so.  NUNEZ's failure to intervene, under all of the facts and circumstances confronting him, itself constitutes an actionable violation of LORENZO'S constitutional rights.

33.     A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in October 2005.

34.     No reasonable police officer confronted with the facts and circumstances confronting NUNEZ would have believed that his failure to intervene, in the face of the unconstitutional excessive force being inflicted on LORENZO was objectively reasonable.

35.     NUNEZ's failure to intervene was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

36.     As a direct and proximate result of NUNEZ's failure to intervene, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against NUNEZ for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## COUNT III - SECTION 1983 CLAIM AGAINST TRIMINO
## FOR FAILURE TO INTERVENE

37.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein, and further alleges:

38.     TRIMINO was present when OFFICERS NUNEZ, DIAZ, PHILPOT, and LORENTE used excessive and unreasonable force against LORENZO in violation of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

39.     Although TRIMINO observed OFFICERS NUNEZ, DIAZ, PHILPOT, and LORENTE administering the excessive and unconstitutional force on LORENZO, TRIMINO failed to intervene to protect LORENZO from their wrongdoing even though he had ample time and ability to do so. TRIMINO's failure to intervene, under all of the facts and circumstances confronting him, itself constitutes an actionable violation of LORENZO'S constitutional rights

40.     A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in October 2005.

41.     No reasonable police officer confronted with the facts and circumstances confronting TRIMINO would have believed that his failure to intervene, in the face of the unconstitutional excessive force being inflicted on LORENZO was objectively reasonable.

42.     TRIMINO's failure to intervene was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

43.     As a direct and proximate result of TRIMINO'S failure to intervene, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against TRIMINO for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## COUNT IV - SECTION 1983 CLAIM AGAINST DIAZ
## FOR FAILURE TO INTERVENE

44.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein, and further alleges:

45.     DIAZ was present when OFFICERS NUNEZ, TRIMINO, PHILPOT, and LORENTE used excessive and unreasonable force against LORENZO in violation of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution not to be subjected to excessive and unreasonable force while in police custody.

46.     Although DIAZ observed OFFICERS NUNEZ, TRIMINO, PHILPOT, and LORENTE administering the excessive and unreasonable force on LORENZO, DIAZ failed to intervene so as to protect LORENZO from their wrongdoing even though he had ample time and ability to do so.    DIAZ'S failure to intervene, under all of the facts and circumstances

10

confronting him, itself constitutes an actionable violation of LORENZO'S constitutional rights

47.     A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in October 2005.

48.     No reasonable police officer confronted with the facts and circumstances confronting DIAZ would have believed that his failure to intervene was objectively reasonable.

49.     DIAZ'S failure to intervene was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and Fourteenth Amendments to the United States Constitution.

50.     As a direct and proximate result of DIAZ'S failure to intervene, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against DIAZ for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

### COUNT V - SECTION 1983 CLAIM AGAINST PHILPOT
### FOR FAILURE TO INTERVENE

51.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein, and further alleges:

52.     PHILPOT was present when OFFICERS DIAZ, NUNEZ, TRIMINO, and LORENTE used excessive and unreasonable force against LORENZO in violation of

11

LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution not to be subjected to excessive and unreasonable force while in police custody.

53.     Although PHILPOT observed OFFICERS DIAZ, NUNEZ, TRIMINO, and LORENTE administering the excessive and unreasonable force on LORENZO, PHILPOT failed to intervene so as to protect LORENZO from their wrongdoing even though he had ample time and ability to do so.  PHILPOT'S failure to intervene, under all of the facts and circumstances confronting him, itself constitutes an actionable violation of LORENZO'S constitutional rights.

54.     A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in October 2005.

55.     No reasonable police officer confronted with the facts and circumstances confronting PHILPOT would have believed that his failure to intervene was objectively reasonable.

56.     PHILPOT'S failure to intervene was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and Fourteenth Amendments to the United States Constitution.

57.     As a direct and proximate result of PHILPOT'S failure to intervene, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.  These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

12

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against PHILPOT for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## COUNT VI - SECTION 1983 CLAIM AGAINST LORENTE
## FOR FAILURE TO INTERVENE

58.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein, and further alleges:

59.     LORENTE was present when OFFICERS PHILPOT, DIAZ, NUNEZ, and TRIMINO used excessive and unreasonable force against LORENZO in violation of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution not to be subjected to excessive and unreasonable force while in police custody.

60.     Although LORENTE observed OFFICERS PHILPOT, DIAZ, NUNEZ, and TRIMINO administering the excessive and unreasonable force on LORENZO, LORENTE failed to intervene so as to protect LORENZO from their wrongdoing even though he had ample time and ability to do so. LORENTE'S failure to intervene, under all of the facts and circumstances confronting him, itself constitutes an actionable violation of LORENZO'S constitutional rights.

61.     A police officer's duty to intervene when the officer witnesses the use of unconstitutional excessive force with the time and ability to intervene was clearly established in October 2005.

62.     No reasonable police officer confronted with the facts and circumstances confronting LORENTE would have believed that his failure to intervene was objectively reasonable.

63.     LORENTE'S failure to intervene was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and Fourteenth Amendments to the United States Constitution.

64.    As a direct and proximate result of LORENTE'S failure to intervene, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.  These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against LORENTE for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## COUNT VII - SECTION 1983 CLAIM AGAINST THE OFFICERS FOR DELIBERATE INDIFFERENCE TO LORENZO'S SERIOUS MEDICAL NEEDS

65.    LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein, and further alleges:

66.    On October 2, 2005, the OFFICERS were acting within the course and scope of their employment with the CITY and under the color of law.

67.    LORENZO'S physical condition resulting from the beatings inflicted by the OFFICERS was such that even a lay person would have easily recognized the necessity for prompt medical attention, and that there was a substantial risk of serious harm to LORENZO if that condition was left untreated or unattended.  Consequently, LORENZO was in serious need of medical care.

68.    Despite LORENZO'S serious medical needs, the OFFICERS, for non-medical reasons, did not even attempt to obtain medical treatment for LORENZO until several hours after LORENZO had been beaten by the OFFICERS.

69.    The OFFICERS knew that there was a serious risk of harm to LORENZO unless

he received prompt medical care for his injuries. The OFFICERS acted with deliberate indifference to LORENZO'S serious medical needs in denying and/or delaying medical treatment to LORENZO.

70. The OFFICERS' deliberate indifference to LORENZO'S serious medical needs was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

71. As a direct and proximate result of the OFFICERS' denial of medical treatment to LORENZO, and/or their delay in obtaining such treatment for his serious medical needs, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the OFFICERS for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

### COUNT VIII - SECTION 1983 CLAIM AGAINST THE OFFICERS FOR FALSE IMPRISONMENT

72. LORENZO adopts and incorporates by reference the allegations of paragraphs 1-20 as if fully set forth herein, and further alleges:

73. Although the OFFICERS reported that they arrested LORENZO on charges of domestic violence, LORENZO's wife actually disputed the charge. Thus, the OFFICERS lacked even arguable probable cause to believe that LORENZO had committed domestic violence.

74.     LORENZO was restrained and detained against his will.  Such restraint and detention was unlawful. The OFFICERS therefore are guilty of false imprisonment.

75.     The OFFICERS' false imprisonment of LORENZO was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

76.     As a direct and proximate result of the OFFICERS' false imprisonment of LORENZO, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the OFFICERS for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988.

## COUNT IX - CLAIM AGAINST THE OFFICERS UNDER FLORIDA LAW FOR ASSAULT

77.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1-20 as if fully set forth herein and further alleges:

78.     The OFFICERS intentionally and unlawfully threatened to physically injure LORENZO under such circumstances as to create a reasonable fear of imminent peril.  The OFFICERS therefore are guilty of assaulting LORENZO.

79.     In assaulting LORENZO, the OFFICERS acted in bad faith, with malicious

16

purpose, and in a manner exhibiting wanton and willful disregard of LORENZO'S safety. The OFFICERS accordingly are subject to suit and individual liability under Section 768.28, Fla. Stat.

80.     As a direct and proximate result of the OFFICERS' assault of LORENZO, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the OFFICERS for compensatory damages. LORENZO GARCIA MAZAS reserves the right to later assert a claim against the OFFICERS for punitive damages under Section 768.72, Fla. Stat.

## COUNT X - CLAIM AGAINST THE OFFICERS UNDER FLORIDA LAW FOR BATTERY

81.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein and further alleges:

82.     The OFFICERS intentionally struck LORENZO against LORENZO'S will and without his express or implied consent. The OFFICERS therefore are guilty of battery.

83.     In battering LORENZO, the OFFICERS acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of LORENZO'S safety. The OFFICERS accordingly are subject to suit and individual liability under Section 768.28, Fla. Stat.

84.     As a direct and proximate result of the OFFICERS' battery of LORENZO,

LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the OFFICERS for compensatory damages. LORENZO GARCIA MAZAS reserves the right to later assert a claim against the OFFICERS for punitive damages under Section 768.72, Fla. Stat.

## COUNT XI - STATE LAW VICARIOUS LIABILITY CLAIM AGAINST THE CITY FOR ASSAULT

85.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein and further alleges:

86.     Pursuant to Section 768.28(6), Fla. Stat., LORENZO presented his claim in writing to the CITY. Since the CITY failed to make a final disposition of the claim within six (6) months after receipt of same, such failure is deemed a denial of the claim for purposes of the statute.

87.     All conditions precedent to the filing of this action against the CITY have been met by LORENZO or have been waived by the CITY.

88.     When the OFFICERS assaulted LORENZO they were acting within the scope of their duties, authority, and employment by the CITY.

89.     The CITY is vicariously liable for the OFFICERS' assault of LORENZO.

90.     As a direct and proximate result of the OFFICERS' assault of LORENZO, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the CITY for compensatory damages.

## COUNT XII - STATE LAW VICARIOUS LIABILITY CLAIM AGAINST THE CITY FOR BATTERY

91.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20 as if fully set forth herein and further alleges:

92.     Pursuant to Section 768.28(6), Fla. Stat., LORENZO presented his claim in writing to the CITY. Since the CITY failed to make a final disposition of the claim within six (6) months after receipt of the same, such failure is deemed a denial of the claim for purposes of the statute.

93.     All conditions precedent to the filing of this action against the CITY have been met by LORENZO or have been waived by the CITY.

94.     When the OFFICERS battered LORENZO, they were acting within the scope of their duties, authority, and employment by the CITY.

95.     The CITY is vicariously liable for the OFFICERS' battery of LORENZO.

96.     As a direct and proximate result of the OFFICERS' battery of LORENZO, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement,

19

mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition. These injuries and damages and the resulting losses therefrom are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the CITY for compensatory damages.

### COUNT XIII - STATE LAW VICARIOUS LIABILITY CLAIM
### AGAINST THE CITY FOR DENIAL/DELAY OF MEDICAL TREATMENT

97.     LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20, as if fully set forth herein, and further alleges:

98.     Pursuant to Section 768.28(6), Fla. Stat., LORENZO presented his claim in writing to the CITY. Since the CITY failed to make a final disposition of the claim within six (6) months after receipt of the same, such failure is deemed a denial of the claim for purposes of the statute.

99.     All conditions precedent to the filing of this action against the CITY have been met by LORENZO or have been waived by the CITY.

100.    When the OFFICERS denied and delayed medical treatment of LORENZO , they were acting within the scope of their duties, authority, and employment by the CITY.

101.    Because LORENZO was in the CITY'S custody, the CITY was under a duty to provide LORENZO with prompt medical attention when it was apparent that LORENZO was in serious need of the same.

102.    The CITY breached that duty when the OFFICERS did not call for medical treatment until at least several hours after LORENZO had sustained significant injuries.

20

103.   The CITY is vicariously liable for the wrongdoing of the OFFICERS in denying and/or delaying prompt medical treatment of LORENZO'S serious medical needs.

104.   As a direct and proximate result of the denial of medical treatment to LORENZO and/or the delay in obtaining such treatment, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.  These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the CITY for compensatory damages.

### COUNT XIV - STATE LAW VICARIOUS LIABILITY CLAIM AGAINST THE CITY FOR FALSE ARREST/IMPRISONMENT

105.   LORENZO adopts and incorporates by reference the allegations of paragraphs 1-20 as if fully set forth herein, and further alleges:

106.   Although the OFFICERS reported that they arrested LORENZO on charges of domestic violence, LORENZO's wife actually disputed the charge.  Thus, the OFFICERS lacked even arguable probable cause to believe that LORENZO had committed domestic violence.

107.   LORENZO was restrained and detained against his will. Such restraint and detention was unlawful. The OFFICERS therefore are guilty of false imprisonment.

108.   The OFFICERS' false imprisonment of LORENZO was willful, malicious, and in callous and reckless disregard of LORENZO'S rights under the Fourth and/or Fourteenth Amendments to the United States Constitution.

109.   As a direct and proximate result of the OFFICERS' false imprisonment of LORENZO, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.  These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the CITY for compensatory damages.

## COUNT XV - STATE LAW CLAIM AGAINST THE OFFICERS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

110.   LORENZO adopts and incorporates by reference the allegations of paragraphs 1-20 as if fully set forth herein, and further alleges:

111.   The OFFICERS' conduct was reckless or intentional.

112.   The OFFICERS' conduct was outrageous.

113.   The OFFICERS' conduct caused LORENZO severe emotional distress.

114.   The emotional distress suffered by LORENZO was severe.

115.   As a direct and proximate result of the OFFICERS' intentional infliction of emotional distress on LORENZO, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.  These injuries and damages and the resulting losses therefrom are

permanent and continuing in nature and LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the OFFICERS for compensatory damages.

**COUNT XVI - VICARIOUS LIABILITY CLAIM**
**AGAINST THE CITY**

116.    LORENZO adopts and incorporates by reference the allegations of paragraphs 1 – 20, as if fully set forth herein, and further alleges:

117.    LORENZO presented his claim in writing to the CITY.  Since the CITY failed to make a final disposition of the claim within six (6) months after receipt of the same, such failure is deemed a denial of the claim.

118.    All conditions precedent to the filing of this action against the CITY have been met by LORENZO or have been waived by the CITY.

119.    When the OFFICERS committed their wrongful and illegal acts against LORENZO they were acting within the scope of their duties, authority, and employment by the CITY.

120.    The CITY is vicariously liable for each and every wrongful and illegal act committed by the OFFICERS.

121.    As a direct and proximate result of the OFFICERS' wrongful and illegal acts, LORENZO sustained bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, emotional distress, psychological injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a previously existing condition.  These injuries and damages and the resulting losses therefrom, are permanent and continuing in nature and

LORENZO GARCIA MAZAS will continue to suffer them on an ongoing basis into the future.

WHEREFORE, LORENZO GARCIA MAZAS demands judgment against the CITY for compensatory damages.

## DEMAND FOR JURY TRIAL

Plaintiff, LORENZO GARCIA MAZAS, demands a trial by jury on all counts and all issues so triable as of right.

Dated this 1st day of October, 2007.

Respectfully submitted,

Law Offices of Felipe E. Diez, P.A.
19 West Flagler Street, Suite 720
Miami, FL 33130
Telephone:    (305) 416-9617
Facsimile:    (305) 416-9618
Email: felipediez@bellsouth.net

- AND -

LAW OFFICES OF SEAN M. CLEARY, P.A.
19 West Flagler St., Suite 720
Miami, Florida 33130
Telephone:    (305) 416-9805
Facsimile:    (305) 416-9807
Email: sean@clearypa.com

By: _____
SEAN M. CLEARY
Florida Bar No. 146341

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

# 07-22585

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
LORENZO GARCIA MAZAS

**DEFENDANTS** The CITY OF HIALEAH; ROBERTO NUNEZ; EDDO TRIMINO; HECTOR DIAZ; CEDRIC PHILPOT; ALEJANDRO LORENTE

**(b)** County of Residence of First Listed Plaintiff MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**CIV-SEITZ**

**(c)** Attorney's (Firm Name, Address, and Telephone Number) FELIPE E. DIEZ
(SAME Address)
SEAN M. CLEARY (305)-416-9617
LAW OFFICES OF SEAN M. CLEARY, PA
19 W. FLAGLER ST., SUITE 720
MIAMI, FL 33130 (305) 416-9905

Attorneys (If Known)

/ McALILEY

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

Miami 07cv22585 PAS / McALILEY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product / Med. Malpractice | ☐ 625 Drug Related Seizure | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & / Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Injury Product | ☐ 650 Airline Regs. | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability / Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability / ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury / | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ / **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment / ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other / | | | State Statutes |
| | ☒ 440 Other Civil Rights / | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO

JUDGE     DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 42 U.S.C. §§ 1983. This case involves the use of excessive force and other claims against the City of Hialeah and several of its officers.

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
Sean M. Cleary

DATE 10/1/07

**FOR OFFICE USE ONLY**
AMOUNT $350.00 RECEIPT # 9675557 IFP

10/01/07